**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Colton C.,

Plaintiff,

v.

Frank Bisignano, *Commissioner of Social Security*,

Defendant.

Civil No. 25-2413 (DWF/LIB)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Plaintiff Colton C.'s complaint seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability benefits. (Doc. No. 1.) Plaintiff asks the Court to reverse the decision and order an award of benefits, or in the alternative, to remand the matter for further consideration. (Doc. No. 9.) The Commissioner opposes this request and asks the Court to affirm the denial. (Doc. No. 11.) For the reasons set forth below, the Court grants in part Plaintiff's request and remands this matter to the Commissioner for further proceedings consistent with this Opinion.

## BACKGROUND

Plaintiff applied for supplemental security income in June 2022, alleging a disability onset date of November 1, 2018. (Tr. 648-49.)[1] An Administrative Law Judge ("ALJ") denied Plaintiff's application on March 29, 2024. (Tr. 29.) That decision became final on April 11, 2025. (Tr. 1-7.) Plaintiff now seeks review of the ALJ's decision. (Doc. No. 1.)

The ALJ followed the five-step sequential evaluation process outlined in 20 C.F.R. § 416.920(a)(4) (2026).[2] At step two, the ALJ found that Plaintiff has the following severe impairments: "anxiety, depression, personality disorder, post-traumatic stress disorder, obsessive compulsive disorder, and somatoform disorder." (Tr. 20.) At step three, the ALJ concluded that Plaintiff's severe impairments do not meet or equal any listing in the Listing of Impairments. (Tr. 21.) Next, the ALJ determined that Plaintiff has the RFC "to perform a full range of work at all exertional levels, but with the following nonexertional limitations: he can understand, remember and carryout simple

---

[1] Throughout this Order, the Court uses the abbreviation "Tr." to reference the administrative record. (*See* Doc. Nos. 7, 7-1, 7-2, 7-3.)

[2] First, the ALJ determines whether the claimant has engaged in any substantial gainful activity. Second, the ALJ determines whether the claimant has any severe medically determinable impairments. Third, the ALJ compares any severe impairments found to the Listing of Impairments to assess whether the claimant's impairments meet or equal one of the listed impairments. Before moving from step three to step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). Fourth, the ALJ uses the claimant's RFC to determine whether they can perform their past relevant work. Fifth, and finally, the ALJ considers whether the claimant can perform any other job given their RFC, age, education, and work experience. *See* 20 C.F.R. § 416.920(a)(4).

routine three and four step instructions. He can tolerate occasional interaction with supervisors, and brief and superficial interactions with coworkers and the general-public." (Tr. 22.) In formulating this RFC, the ALJ did not discuss potential absenteeism and found that the opinion of Jessica Jacovitch, Plaintiff's therapist, was unpersuasive. (Tr. 22-28.) Plaintiff has no past relevant work, so the ALJ skipped to step five, where she found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 28.) Therefore, the ALJ concluded that Plaintiff is not disabled and the Commissioner denied Plaintiff's application for disability benefits. (Tr. 29.)

## DISCUSSION

A court will affirm an ALJ's decision to deny benefits if that decision is supported by substantial evidence in the record as a whole and the ALJ made no legal error. 42 U.S.C. § 405(g); *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (citation modified). In some cases, substantial evidence supports two conflicting outcomes, creating a "zone of choice" where the ALJ may exercise their discretion. *See id.* A court will not overturn an ALJ's decision if it falls within that zone, even if it might have reached a different conclusion. *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008). A legal error may be a procedural error, use of the wrong legal standard, or improper application of the law. *See Lucus v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020). However, even if the ALJ errs, reversal is not required if the error was harmless,

"meaning there is no indication that the ALJ would have decided differently if the error had not occurred." *Grindley v. Kijakazi*, 9 F.4th 622, 629 (8th Cir. 2021).

Plaintiff argues that the ALJ committed legal error by failing to address the regular absences Plaintiff would require from work and by improperly analyzing Jacovitch's opinion. Plaintiff also argues more generally that the RFC is not supported by substantial evidence because the ALJ cherry-picked the record, improperly addressed Plaintiff's subjective complaints, ignored Plaintiff's reason for not taking medications, and misinterpreted his daily activities. The Commissioner counters that the ALJ properly considered absenteeism because none of the medical opinions talked about absenteeism and Plaintiff did not present evidence that appointments had to be scheduled on workdays and would require time off. The Commissioner also argued that the ALJ properly addressed Plaintiff's subjective complaints and his noncompliance with treatment. Notably, the Commissioner did not respond to Plaintiff's argument about the ALJ's consideration of Jacovitch's opinion.

An ALJ evaluates a medical opinion's persuasiveness by considering a variety of factors, the most important of which are supportability and consistency. 20 C.F.R. § 416.920c. At a minimum, an ALJ must include some discussion of supportability and consistency in their RFC determination. *Id.* § 416.920c(b)(2). Supportability refers to how well the opinion is supported by objective medical evidence or supporting explanations. *Id.* § 416.920c(c)(1). Consistency refers to how consistent the opinion is with the evidence from other medical and nonmedical sources in the record. *Id.* § 416.920c(c)(2). A district court's review of ALJ medical opinion evaluations is limited

to whether the ALJ adequately analyzed persuasiveness. *Cropper v. Dudek*, 136 F.4th 809, 814 (8th Cir. 2025). The ALJ's analysis must be "clear enough to allow for appropriate judicial review," but "brevity is not reversible error." *Grindley*, 9 F.4th at 631.

In rejecting Jacovitch's opinion, the ALJ stated: "The opinion from [Jacovitch] is not persuasive since the limitations are not consistent with the evidence. Moreover, the evidence did not support the conclusion the claimant was unable to function independently or exhibited the level of fatigue to attend class or participate in [sic]." (Tr. 27.) These statements are conclusory and incomplete. The ALJ refers solely to "the evidence" generally and did not finish her last sentence about supportability. This does not allow for appropriate judicial review and thus is legal error.

The Court also finds error in the ALJ's failure to address absenteeism whatsoever in her decision. Absenteeism caused by a claimant's impairments should be considered when an ALJ considers whether that claimant can perform work in the national economy. *See, e.g.*, *Baker v. Apfel*, 159 F.3d 1140, 1146 (8th Cir. 1998) (remanding so excessive absenteeism could be considered by a vocational expert). At the administrative hearing, the vocational expert testified that absenteeism would not be tolerated during the first month in any of the jobs he identified and only one absence per month would be tolerated thereafter. (Tr. 56.) He further testified that an absence includes leaving early and arriving late. (Tr. 56.) The ALJ was aware of Plaintiff's regular therapy schedule because she asked about it at the hearing. (*See* Tr. 43.) The Commissioner's argument that Plaintiff did not meet his burden to show absenteeism fails because an ALJ's decision

cannot be sustained based on the post-hoc rationalizations of appellate counsel. *See, e.g.*, *Sharon U. v. Bisignano*, No. 24-cv-2699, 2025 WL 2597515, at *7 (D. Minn. Sep. 8, 2025). The ALJ may have thought this, but she did not include any such reasoning in her decision. That is an error here.

The two identified errors are not harmless because the ALJ may have decided differently if she had properly considered Jacovitch's opinion or absenteeism. The Court does not fully reach Plaintiff's other arguments. However, the ALJ should revisit all evidence when reconsidering Plaintiff's RFC. Plaintiff asks the Court to reverse the ALJ's decision and order an award of benefits due to the number of errors committed. The Court declines to do so at this time and remands for further proceedings consistent with this Opinion.

**ORDER**

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff Colton C.'s request for relief (Doc. No. [9]) is **GRANTED IN PART**.

2. The Commissioner's request for relief (Doc. No. [11]) is **DENIED**.

3. Pursuant to 42 U.S.C. § 405(g), this matter is remanded for further proceedings consistent with this Opinion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 8, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge